UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAMION M. MILLER** | **CIVIL ACTION NO. 19-1587** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **WARDEN BILLY TIGNER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Damion M. Miller, a prisoner at Madison Parish Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on approximately December 11, 2019, under 42 U.S.C. § 1983. He names Warden Billy Tigner and Deputy Warden D. Saucier as defendants.[1] For reasons below, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that, on August 22, 2019, he was stripped to his "boxers and slippers and placed on the rec yard . . . in the rain for 20 min[utes] . . . ." [doc. # 1, p. 3]. He faults Warden Tigner and Deputy Warden Saucier for failing to ensure that he was properly clothed before placing him in the rec yard. [doc. # 23, p. 1]. He claims that Tigner "failed to inform officers to bring me and other offenders out of the rain[,]" and he similarly claims that Saucier "refused to allow officers to bring [him] out of the rain . . . ." *Id.*

Plaintiff alleges further: "the wardens were informed and after numerous pleas I was put in an air-conditioned hallway still wet" for over two hours. [doc. # 1, p. 3]. Saucier then emphatically denied Plaintiff's request for dry clothes. [doc. #s 1, p. 3; 4, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff alleges that, when he was permitted back in his dormitory, he discovered that officers took his personal property, including his headphones, jeans, sweats, sweaters, shorts, and shirts, during a planned "shakedown." [doc. #s 1, pp. 3-4; 23, p. 2]. He asked Deputy Warden Saucier where his property was, and Saucier responded, "in the trash." [doc. # 1, p. 3]. He claims that Saucier "personally" told an officer to take his pants and shirt "because they had color in them." [doc. # 23, p. 1]. Warden Tigner "was present when Saucier informed [Plaintiff that his] property had been thrown away." *Id.* at 2.

Plaintiff alleges that he suffered "verbal abuse" and "mental and physical torture." *Id.* He seeks reimbursement for his property, court costs, and compensation for mental and physical harm. [doc. #s 1, p. 4; 23, p. 2].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action

3

in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff claims that Warden Tigner and Deputy Warden Saucier forced him to stand outside, in the rain, in only his boxers, for twenty minutes while officials searched the dormitory. He claims that defendants then forced him to remain in an air-conditioned hallway for over two hours while he was still wet. He seeks only monetary relief for unspecified mental and physical harm.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as

4

defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. # 1]. With respect to the claims above, he seeks monetary compensation for only mental, emotional, and de-minimis physical injuries he suffered in custody.

While he alleges that he suffered physical harm, he does not specify the harm. Thus, he does not allege that he suffered a more-than-de-minimis physical injury or any other injury compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's requests for compensatory relief. As Plaintiff does not seek any cognizable relief for these claims, the Court should dismiss them.[3,4]

---

[3] While he also seeks reimbursement for court costs, this request is unrelated to his Eighth Amendment claims and, more important, is only a collateral matter rather than a request for relief. See *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 521 (5th Cir. 1994) (reasoning that a request for costs is a collateral matter for purposes of finality and is not an independent claim "for relief essential to the outcome of the case as a whole.").

[4] Even if Plaintiff sought cognizable relief, he does not plead a plausible Eighth Amendment claim. See *Clarke v. Collins*, 5 F.3d 1494 (5th Cir. 1993) (concluding, where an inmate claimed that "he was strip searched each day returning from the field both at midday and in the evening, regardless of the weather . . . that he was forced to work in the fields in the rain[,] and that he was forced to work in freezing temperatures with inadequate clothing," that the "uncomfortable conditions" described did not "raise questions of constitutional magnitude."); *McCoy v. McLeod*, 3 F.3d 439 (5th Cir. 1993) (dismissing a claim that a prisoner was "briefly uncomfortable while being stripped searched on the days when the weather was cold" because the claim did "not

5

**3. Destroyed Property**

Plaintiff faults defendants for taking or destroying his personal property. He claims that Saucier "personally" told an officer to take his pants and shirt "because they had color in them." [doc. # 23, p. 1].

Perforce, Plaintiff essentially claims that defendants violated his right to procedural due process.

"For the intentional deprivation of property to give rise to a due process violation, the deprivation must have been officially authorized and the plaintiff must challenge both the deprivation and the procedure under which it was authorized." *Brewer v. Hightower*, 628 F. App'x 303 (5th Cir. 2016). In contrast, a post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[5] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[6] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35).

Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article

---

approach the type of barbaric conditions of confinement which deprive a prisoner of identifiable human needs.").

[5] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[6] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).

Here, Plaintiff does not allege that he was deprived of property by anyone acting under an official policy, custom, practice, procedure, or authorized act; rather, he describes random and unauthorized action. At best, he thinly suggests that his property did not qualify as contraband and thus that defendants confiscated or destroyed it in *violation* of a policy rather than pursuant to a policy. See *White v. Epps*, 411 F. App'x 731, 733 (5th Cir. 2011) ("White did not allege that he was deprived of his property in accordance with any prison policy, practice, or custom, or that the deprivations of his property were in any way authorized by the prison. . . . Rather, White's chief allegation is that certain prison officials maliciously destroyed his property in contravention of prison policy. That brings his case directly within the *Parratt/Hudson* rubric.").[7] He also alleges that the "shakedown" was planned, but he does not allege that it—or, more specifically, the *deprivation of his property*—was planned under any policy, custom, practice, procedure, or authorized act. See *Stewart v. Eikenberry*, 848 F.2d 1243 (9th Cir. 1988) ("Although the search and removal of contraband resulted from a planned, prison-wide shakedown several months in the making, there is no allegation that illegal confiscation was planned.").

---

[7] See also *Urias v. Hudson*, 2010 WL 3257967, at *11 (E.D. Tex. July 16, 2010), *report and recommendation adopted,* 2010 WL 3257964 (E.D. Tex. Aug. 17, 2010), *aff'd,* 429 F. App'x 438 (5th Cir. 2011) ("Urias alleges that the prison guards intend to confiscate property which is not contraband. Assuming that such property is actually confiscated, this is necessarily a random and unauthorized deprivation, because no basis exists for the confiscation of property which is not contraband.").

7

Plaintiff should, if he desires, pursue relief under state law in state court because Louisiana law provides adequate remedies for defendants' alleged conduct. The Court should dismiss these claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Damion M. Miller's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of May, 2020.

_____
Karen L. Hayes
United States Magistrate Judge

8